Filed 1/15/25  P. v. Elisarraraz CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SERGIO ELISARRARAZ,<br><br>  Defendant and Appellant. | G062613<br><br>(Super. Ct. No. 20CF1018)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

\*    \*    \*

In 2021, defendant Sergio Elisarraraz pleaded guilty to one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1)[1], one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 2), and one count of street terrorism (§ 186.22, subd. (a); count 3). He also admitted he committed count 1 with "willfulness, premeditation, and deliberation . . . and with the specific intent to kill" and that counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1).) He further admitted two prior strikes (§§ 667, subds. (d), (e)(2)(A); 1170.12, subd. (b)) and a serious felony prior (§ 667, subd. (a).)

The court sentenced defendant to state prison for an aggregate term of 17 years. In 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2] After briefing from the parties, the court issued an order to show cause in January 2023. The prosecution responded by filing a motion requesting the court reconsider the order to show cause. The court subsequently vacated the order to show cause and summarily denied defendant's petition for resentencing. Defendant appealed.

On appeal, defendant contends the court erred by denying his petition at the prima facie stage. Relying on *People v. Curiel* (2023) 15 Cal.5th 433, defendant argues an intent to kill finding, without more, is insufficient to establish his ineligibility for relief. For the reasons below, we agree the court erred and reverse the order.

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

FACTS

As the factual basis for his guilty plea in 2021, defendant stated: "In Orange County, California, on May 3, 2020, I unlawfully, with willfulness, premeditation and deliberation within the meaning of Penal Code section 664(a), and with the specific intent to kill, attempt[ed] to murder John Doe, a human being. I also willfully and unlawfully committed an assault, or aided and abetted in the assault, upon the person of John Doe with a deadly weapon, namely a knife." In three other paragraphs, defendant stated he: (1) committed the attempted murder and assault with a deadly weapon "while knowingly and actively participating as a member in the criminal street gang known as Delhi"; (2) "willfully assisted, furthered, or promoted felonious criminal conduct by members of Delhi by either directly committing the felony offenses or aiding and abetting the felony offenses"; and (3) committed the offenses "for the benefit of, at the direction of, and in association with . . . Delhi with the specific intent to assist, further and promote criminal conduct by Delhi gang members."

In his petition for resentencing filed in 2022, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

3

The court appointed counsel for defendant and received briefing from the prosecution and defendant. After a hearing, the court issued an order to show cause. The prosecution filed a motion requesting the court reconsider the order to show cause. The prosecution argued, among other things, defendant was not entitled to resentencing because he admitted he acted with the intent to kill. Defendant filed a reply.

The court subsequently vacated the order to show cause and held another prima facia hearing, acknowledging its "oversight" in failing to consider issues flagged by the prosecution. In a statement of decision, the court denied defendant's petition and explained defendant's guilty plea "contained a detailed, typed-out, factual basis wherein [he] admitted that on May 3, 2020, he had the specific intent to murder the victim." The court concluded defendant "did act with the intent to kill on May 3, 2020" so he "was convicted under a still-viable theory of [a]ttempted [m]urder."

## DISCUSSION

Defendant argues the court erred by denying his petition because his guilty plea was generic and did not exclude liability for attempted murder under the natural and probable consequences doctrine. Relying on *People v. Curiel, supra,* 15 Cal.5th 433, he claims the court only made findings as to his specific intent to kill but not whether he made a direct, ineffectual act toward accomplishing the intended killing. For the reasons below, we agree the court should conduct an evidentiary hearing.

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.,* subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.)

4

(Stats. 2021, ch. 551 § 2) amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder. A defendant convicted of attempted murder is eligible for relief under section 1172.6 only if that conviction was based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, a defendant convicted of attempted murder either as an actual perpetrator or a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.) "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) "We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief." (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465.)

Here, the information charged both defendant and a co-defendant with attempted murder in generic terms, according to the statutory definition of the offense. It further alleged the attempted murder was committed "willfully, deliberately and with premeditation." The factual basis for defendant's guilty plea also was insufficient. "'Attempted murder requires the specific intent to kill [the mens rea] and the commission of a direct but ineffectual act toward accomplishing the intended killing [the actus reus].'" (*People v. Perez* (2010) 50

Cal.4th 222, 224.) In his plea, defendant admitted he "unlawfully, with willfulness, premeditation and deliberation" and "with the specific intent to kill, attempt[ed] to murder" the victim. This admission regarding defendant's mens rea does not conclusively establish that he committed the requisite acts (the actus reus) as either the actual perpetrator or a direct aider and abettor. (See *People v. Curiel supra*, 15 Cal.5th at p. 463 ["A finding of intent to kill does not, standing alone, cover all of the required elements"].)

The People disagree, arguing defendant's guilty plea establishes he was either the direct perpetrator or direct aider and abettor of the attempted murder. According to the People, the record shows defendant took a direct but ineffectual step toward accomplishing the intended killing because: (1) he admitted he attempted "to murder" the victim; and (2) he admitted he furthered criminal conduct of a criminal street gang by "directly committing" or "aiding and abetting" the attempted murder and the assault with a deadly weapon. We disagree. The admission that defendant attempted "to murder" is generic, and the language that defendant "directly committ[ed]" or "aid[ed] and abett[ed]" the offenses does not appear in the portion of the plea form regarding the attempted murder count. Instead, it appears in the portion of the plea form regarding the street terrorism count. The record also does not establish the theory of aiding and abetting under which defendant admitted guilt. Nothing in the record conclusively establishes he admitted guilt on a direct aiding and abetting theory rather than a natural and probable consequences theory. (*People v. Gaillard*, *supra*, 99 Cal.App.5th at p. 1212.)

For the foregoing reasons, the record of conviction did not refute the allegations of defendant's petition as a matter of law. The current state of the law leads us to conclude defendant should be afforded an evidentiary hearing.

## DISPOSITION

The postjudgment order is reversed and remanded for further proceedings.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.